**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X   Case No.:

OLGA ROSA,

                              Plaintiff,                             **COMPLAINT**

                  - against -                        **PLAINTIFF DEMANDS**
                                                 **A TRIAL BY JURY**

PREMIER HOME HEALTH CARE SERVICES, INC., and
KATHLEEN HARRINGTON, *Individually*,

                              Defendant.
-------------------------------------------------------------------------X

       Plaintiff, OLGA ROSA, by and through her attorneys, Moshes Law , P.C., hereby

complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42

    U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991,

    Pub. L. No. 102-166 ("Title VII"), the <u>Family and Medical Leave Act</u>, 29 U.S.C. § 2601

    *et. seq.* ("FMLA"), and the <u>New York State Human Rights Law</u>, New York Executive Law

    § 290, *et. seq.* ("NYSHRL") and seeks damages to redress the injuries she has suffered as

    a result of being **<u>Discriminated Against</u>** due to her **<u>Gender</u>** (Pregnancy) and for requesting

    protected leave.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331

    and 1343.

3.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under state

    law pursuant to 28 U.S.C. §1367.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims have occurred.

## PROCEDURAL PREREQUISITES

5.    Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6.    Plaintiff received a Notice of Right to Sue from the EEOC, dated February 09, 2023  with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7.    This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8.    That at all times relevant hereto, Plaintiff OLGA ROSA ("ROSA") was a resident of the State of New York and the County of Bronx.

9.    That at all times relevant hereto, Defendant PREMIER HOME HEALTH CARE SERVICES, INC. ("PREMIER") was a domestic business corporation, duly existing pursuant to, and by virtue of the laws of the State of New York, with its principal place of business located at: 1 North Lexington Avenue Mezzanine, Suite 300, White Plains, NY 10601.

10.    That at all times relevant hereto, the events giving rise to the claims alleged herein occurred at: 1 North Lexington Avenue Mezzanine, Suite 300, White Plains, NY 10601.

11.    That at all times relevant hereto, Defendant KATHLEEN HARRINGTON ("HARRINGTON") was an employee of Defendant PREMIER, holding the position of "Director of Staff Payroll."

12.    That at all times relevant hereto, Defendant HARRINGTON was Plaintiff ROSA's

supervisor and/or had supervisory authority over Plaintiff.

13.   That at all times relevant hereto, Defendant PREMIER and Defendant HARRINGTON, are collectively referred to herein as "Defendants."

## **MATERIAL FACTS**

14.   In or around 2014, Plaintiff ROSA began her employment as an Attendance Coordinator in the Call Center Department for Defendants, making $21 per hour.

15.   Plaintiff ROSA's performance was, upon information and belief, satisfactory during the course of her employment with Defendants.

16.   In fact, in or around 2015, Plaintiff ROSA received a promotion to the Coordinator position.

17.   In or around 2019, Plaintiff ROSA was promoted a second time to the On-call Assistant Manager position, and began earning approximately $24 per hour.

18.   Her duties included, but were not limited to; supervising call center employees, assisting director in training new hires and existing employees, and general office administrative operations.

19.   In or around May 2020, Plaintiff ROSA found out she was expecting a child.

20.   On or about August 27, 2020, Plaintiff ROSA informed Defendants of her pregnancy by emailing Defendant HARRINGTON stating, in relevant part:

> "I'm writing to inform you that I am expecting a child in the coming months. My physician estimates that the baby will be born around January 29, 2021. Because of this expected arrival, I would like to formally request full maternity benefits and maternity leave. I expect to return to work on April 23, 2021 assuming that I am fully

recovered from the delivery and ready to assume a full-time work schedule. Thank you for taking the time to consider my request."

21.    On or about August 28, 2020, Defendant HARRINGTON replied to Plaintiff ROSA informing her that since her due date was going to be at the end of January, it was "a little early to send the necessary paperwork." Defendant HARRINGTON also informed Plaintiff ROSA that she would review the Family Medical Leave Policy with her.

22.    However, Defendant HARRINGTON never sent the necessary paperwork to Plaintiff. In fact, Plaintiff ROSA began to get nervous as four months went by and she still had not received any of the promised paperwork or approval for her maternity leave.

23.    As such, on January 5, 2021, Plaintiff ROSA emailed Defendant HARRINGTON to again request the maternity leave paperwork and remind Defendant HARRINGTON that her due date would be within the next two weeks.

24.    On or about January 6, 2021, Defendant HARRINGTON emailed Plaintiff ROSA paperwork for family medical leave, paid family leave and stated that another employee would send Plaintiff ROSA information regarding short-term disability. Defendant HARRINGTON also emailed Plaintiff ROSA a letter stating that her paperwork for family medical leave paid family leave would be due by Wednesday, January 20, 2021.

25.    Only five days later, on or about January 11, 2021, her supervisor Oswaldo informed her that  she was terminated effective immediately before she could even return the maternity leave paperwork for approval.

26.    It is clear that Defendants never intended on allowing Plaintiff ROSA to take maternity leave and terminated her due to her gender (pregnancy) and her request for protected maternity leave.

27. Defendants' reason for termination was clearly pretextual. She was supposedly fired because of budget cuts, along with Estefani Rojas and several other call center coordinators. -

28. However, in or around July 2021, Defendants rehired Estefani Rojas, and promoted her to the exact same position that Plaintiff ROSA was in at the time of her termination..

29. Plaintiff ROSA was not asked to come back solely due to her pregnancy and request for maternity leave.

30. Defendants treated plaintiff ROSA differently, solely due to her gender (<u>pregnancy</u>).

31. Plaintiff ROSA felt offended, disturbed, and humiliated by the blatantly unlawful, discriminatory, and retaliatory termination.

32. Plaintiff ROSA has been unlawfully discriminated against, humiliated, and retaliated against.

33. Defendants' actions and conduct were intentional and intended to harm Plaintiff ROSA.

34. As a result of the acts and conduct complained of herein, Plaintiff ROSA has suffered and will continue to suffer the loss of the income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff ROSA has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

### AS A FIRST CAUSE OF ACTION
### <u>FOR DISCRIMINATION UNDER TITLE VII</u>
### <u>(Not Against Individual Defendants)</u>

35. Plaintiff repeats and alleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

36.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e-3(a) et seq., for relief based upon the unlawful employment practices of Defendant PREMIER.

37.     Plaintiff complains of Defendant PREMIER's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (**pregnancy**).

38.     PREMIER engaged in unlawful employment practices prohibited by 42 U.S. §2000e et seq., by discriminating against Plaintiff because of her gender (**pregnancy**).

**AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE FAMILY AND MEDICAL LEAVE ACT**
**RETALIATION AND INTERFERENCE**

39.     Plaintiff repeats and alleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

40.     This claim is authorized and instituted pursuant to the provisions of the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1) for relief based upon the unlawful employment practices of Defendant PREMIER.

41.     Plaintiff complains of Defendant PREMIER violation of the FMLA prohibition against discrimination in employment based, in whole or in part, upon an employee exercising her right to take her 12-week maternity leave.

42.     Defendant PREMIER engaged in unlawful employment practices prohibited by 29 U.S.C. § 2601, by discriminating against Plaintiff due to her requesting protected maternity leave.

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION**
**UNDER THE NEW YORK STATE HUMANS RIGHT LAW**

43.     Plaintiff ROSA repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44.    The New York State Human Rights Law §296-1 provides that "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

45.    Defendants engaged in an unlawful discriminatory practice in violation of New York State Human Rights Law §296-1 by discriminating against Plaintiff ROSA because of her gender (**pregnancy**).

46.    Defendants violated this section as set forth herein.

**AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK STATE HUMAN RIGHTS LAW**

47.    Plaintiff ROSA repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48.    New York State Human Rights Law §296-6 provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

49.    Individual Defendants engaged in an unlawful discriminatory practice in violation of New York State Human Rights Law §296-6 by aiding, abetting, inciting, compelling and coercing the above discriminatory conduct.

50.    Defendants violated the section cited herein as set forth.

**JURY DEMAND**

51. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, FMLA, and the NYSHRL by discriminating against Plaintiff on the basis of her gender and requesting maternity leave;

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.


Dated: Brooklyn, NY
       April 12, 2023


                                            MOSHES LAW. P.C.

                              By:    /s/Oscar Alvarado
                                     Jessenia Maldonado, Esq.
                                     Oscar Alvarado, Esq.
                                     *Attorneys for Plaintiff*
                                     517 Brighton Beach Ave., 2nd Floor
                                     Brooklyn, New York 11235
                                     (718) 504-6090
                                     jmaldonado@mosheslaw.com
                                     oalvarado@mosheslaw.com